IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD E HINMAN, | No. C05-03509 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SEAL** |
| v. | |
| FUJITSU SOFTWARE CORP, | **ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY COURT HAS SUBJECT MATTER JURISDICTION** |
| Defendant. | |

### I.   MOTION TO SEAL

On September 21, 2005, Fujitsu Software Corp. ("Defendant") filed an ex parte miscellaneous administrative request ("Motion to Seal"), pursuant to Civil Local Rules 7-11 and 79-5, that the Court place under seal the following document:

Plaintiff's "Motion to Modify/Correct OR, Alternatively, Vacate Arbitration Award and Recuse Arbitrator" filed August 30, 2005 ("Motion to Modify").

Defendant adequately details that the contents of the Motion to Modify contains sensitive trade secrets. Having read and considered the papers and for good cause shown, the Court the Defendant's Motion to Seal is hereby **GRANTED.**

The Clerk of Court shall place the above-referenced Motion to Modify, under seal.

There was some confusion[1] on the part of the parties as to which motion was to be heard on October 25, 2005. The only motion properly filed by Defendant was the Motion to Seal, which was scheduled on that date. As an administrative motion pursuant to aforementioned Civil Local Rules, the motion is submitted for determination without need for hearing, and as such, the October 25, 2005 hearing is hereby **VACATED.**

## II.   LACK OF SUBJECT MATTER JURISDICTION

Plaintiff commenced this action through a motion seeking review of an arbitration award. It is well settled that "federal courts must have an independent basis for federal jurisdiction to hear claims under the FAA." *Vu Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1110 (9th Cir. 2004). A court may not hear a case if it does not have subject matter jurisdiction, and *must* raise the issue *sua sponte* if it appears that subject matter jurisdiction is lacking. *Kontrick v. Ryan*, 540 U.S. 443, 455 (U.S. 2004). Plaintiff, in the Motion to Modify, cites 9 USC §§ 10, 11, 12, 16 as the basis for the Court's jurisdiction. It is well established that these sections of the Federal Arbitration Act ("FAA"), do not, on their own, confer subject matter jurisdiction on the part of the Court. *Vu Luong v. Circuit City Stores, Inc.*, 368 F.3d at 1110. Nor does the FAA "create federal question jurisdiction even when the underlying arbitration involves a federal question." *Id.* A federal question for purposes of subject matter jurisdiction must be presented in a well-pleaded petition. *Id.*

A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). On the face of Plaintiff's petition, Plaintiff has not established that the Court has subject matter jurisdiction over the matter.

Plaintiff is hereby **ORDERED** to show cause by October 27, 2005, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff must submit a brief, no more than five pages, detailing how this court has subject matter jurisdiction over the matter in light of the relevant case law.

---

[1] The parties contacted the Court through a series of disruptive facsimile transmissions. Facsimile transmissions are an improper means of communicating with the Court. Parties may only communicate with the Court through noticed or administrative motion. All concerns should be addressed therein.

1
2  **IT IS SO ORDERED.**
3
4  Dated: October 20, 2005

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE