IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HOWARD E HINMAN,

        Petitioner, Cross-Respondent,

v.

FUJITSU SOFTWARE CORP,

        Respondent, Cross-Petitioner.

No. C05-03509 MJJ

**ORDER STAYING ACTION**

## INTRODUCTION

Before the Court is Fujitsu Software Corp.'s ("Respondent", "Fujitsu") Motion to Dismiss or Stay the Petition to Modify/Correct Or, Alternatively, Vacate Arbitration Award and Recuse Arbitrator.[1] This motion is opposed by Howard E. Hinman ("Petitioner", "Hinman"). For the following reasons, the Court **STAYS** this action pending the outcome of the related state action.

## FACTUAL BACKGROUND

Fujitsu and Hinman had a business arrangement governed by a contract entitled The FSW/zBatch Master Distribution and Services Agreement (the "Agreement"). A dispute arose between the parties concerning a provision of the Agreement as to whether Petitioner was required to deposit Petitioner's "Zbatch" software into escrow. The parties could not resolve the contract dispute, and pursuant to the Agreement's binding arbitration clause, on April 5, 2005, Fujitsu

---

[1] Docket No. 68, Filed November 29, 2005.

1  initiated binding arbitration.  On July 31, 2005, the arbitrator found for Fujitsu, issuing a partial final
2  award in Fujitsu's favor (the "Arbitration Award") concerning the issue of the escrow deposit.   The
3  award ordered Petitioners to deposit their Zbatch software code into escrow by August 15, 2005.

4  On August 30, 2005, Fujitsu filed an action in California State Court to confirm the
5  arbitration award (the "State Action").[2]  Fujitsu filed for a temporary restraining order (the "TRO")
6  pursuant to their arbitration award order.  Later that same day, apparently unaware of Fujitsu's
7  California state court suit, Hinman filed this action, in federal court, to vacate the arbitration award
8  (the "Federal Action"). On August 31, the state court issued a TRO, temporarily affirming part of the
9  Arbitration Award. On September 29, 2005, Hinman cross-moved in state court to vacate the
10 Arbitration Award.

11 On October 26, 2005, the state court issued a final judgment confirming the partial final
12 Arbitration Award in its entirety and ordered Petitioner to place the Zbatch software code into
13 escrow.  Respondent filed the instant motion, requesting that the Court dismiss, or alternatively stay,
14 this action in federal court.

**LEGAL STANDARD**

16 Under the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*,
17 424 U.S. 800 (1976),  the existence of "exceptional circumstances" may justify a stay of a federal
18 action where there are parallel proceedings pending in a state court. A federal court may defer to a
19 state court in the interest of,"[w]ise judicial administration, giving regard to conservation of judicial
20 resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817 (internal
21 quotations omitted).

22 In determining whether to stay federal action in favor of pending state court proceedings, a
23 district court examines several factors: (1) whether either court has exercised jurisdiction over a res;
24 (2) the relative convenience of the forum; (3) the order in which the forums obtained jurisdiction; (4)
25 the desirability of avoiding piecemeal litigation; (5) whether state or federal law controls the
26 decision on the merits; (6) whether the state court proceeding is adequate to protect the rights of the
27 parties; (7) and whether the federal action was the result of forum shopping. *Id.* at 818;  *Moses H.*

---

[2] California State, San Francisco County Superior Court, Case No. 05-505639

2

*Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 23-26 (1983); *American Int'l Underwriters, Inc. v. Continental Insurance Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988).

"The presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." *Moses H. Cone*, 460 U.S. at 26. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. "The weight to be given any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.*

The *Colorado River* doctrine may be applied where the federal and state court proceedings are substantially similar; the proceedings in each court need not be identical. *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). When exercising its discretion under *Colorado River*, the district court should generally stay rather than dismiss the federal proceeding to ensure that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate. *Attwood v. Mendocino Coast District Hospital*, 886 F.2d 241, 243 (9th Cir. 1989).

A district court's order staying federal court litigation in favor of pending state court proceedings under the Colorado River doctrine is an immediately appealable final order. *Moses H. Cone*, 460 U.S. at 9, 103 S. Ct. at 933.

## ANALYSIS

Respondent argues that the Court should dismiss or stay this action pursuant to *Colorado River*. The Court agrees. The *Colorado River* factors strongly favor staying this action.[3] The Court will address each factor in turn.

---

[3] Petitioner does not oppose or even address Respondent's primary argument that the Court should dismiss or stay under *Colorado River* in it's papers.. Nonetheless, the Court will conduct an independent analysis pursuant to *Colorado River*, and will not take Petitioner's omission as having conceded the issue.

3

**1.       Whether Either Court Has Assumed Jurisdiction Over a Res**

The state court has exercised jurisdiction over a *res* - namely, the July 31, 2005 Arbitration Award. An arbitration award and a court's exercise of jurisdiction over the decision of an arbitrator is sufficiently singular in nature to satisfy the *res* analysis. See *Vulcan Chem. Techs., Inc. v. Baker,* 297 F.3d 332, 341 (4th Cir.2002); *NitGen Co. v. SecuGen Corp,* 2004 WL 2303929, (N.D.Cal.,2004). Moreover, the State Court has already issued a *final judgment* as to the issue of escrow deposit of the software code. The risk of conflicting and inconsistent results between the state and federal courts has risen significantly since the state court's October 25, 2005 final judgment over that issue. Accordingly, the state court's prior exercise of jurisdiction of the *res* strongly weighs in favor of abstention.

**2.       The Relative Convenience of the Forums**

Since the state and federal courts are both located in San Francisco, the forums are equally convenient for the parties. Accordingly, this factor does not favor either position.

**3.       The Desirability of Avoiding Piecemeal Litigation**

The Court finds that continuing prosecution of this action in federal court would create a significant risk of piecemeal litigation and inconsistent judgments. Petitioner's cross-motion in the State Action is identical to the motion before the Court.[4] Both ultimately concern the issue of whether the Arbitration Award should be confirmed or vacated, and present precisely the same issues before both the state and federal courts. Accordingly, there is a significant chance that each court will be independently deciding the same issues and will produce inconsistent or contradictory results. This risk is magnified by the fact that the state court has already issued a final judgment concerning a central issue. Consequently, such a risk weighs heavily in favor of abstention

---

[4] Petitioner's motions before the state and federal courts allege the same ten counts, were accompanied by the same exhibits, and advance the same arguments. The same issues are before both the federal and state courts.

4

**4.      The Order in Which the Forums Obtained Jurisdiction**

Respondents filed their action first in state court, albeit by only a few hours. More importantly, the state court action has progressed much further in its proceedings than the instant action in federal court.[5] Unlike the state court, which has already issued a judgment, this Court has not yet addressed any of the substantive issues nor examined the underlying merits of either party's motions. Accordingly, this factor favors abstention.

**5.      Whether State or Federal Law Controls**

Pursuant to the Agreement, both parties agreed to be bound by California state law. State and federal courts have concurrent jurisdiction to confirm an arbitration award under the Federal Arbitration act, and Petitioner primarily raises issues of California law concerning the propriety of deference to the arbitrator's decisions. (Opposition at 4). Issues of California state law predominate in this action. Accordingly, this factor weighs in favor of abstention.

**6.      Whether the State Proceeding is Adequate to Protect the Parties' Rights**

The California state system is fully competent to protect both Petitioner's and Respondent's rights. Indeed, both parties have submitted claims for adjudication before the state forum, indicating as much. This factor, therefore, favors abstention.

**7.      Whether the Federal Court Petition is an Attempt to Forum Shop or Avoid Adverse Rulings**

Although there is no indication that the instant action is the result of forum shopping, Petitioner now seeks to contest, in federal court, the state court's October 25, 2005 judgment confirming of the partial final arbitration award. This Court is not in a position to revisit that decision and must give full faith and credit to the state court's judgment. *Nakash v. Marciano*, 882

---

[5]Petitioner argues that the state court does not have personal jurisdiction over him. This is an issue properly brought before the state court and not this Court. Facially, at least, it appears that Petitioner has purposely availed himself of the California court system in this matter by filing his September 29, 2005 cross-motion. *Hanson v. Denckla*, 357 U.S. 235,253 (1958). However, the Court need not resolve this issue since Petitioner must raise the personal jurisdiction issue before the state court.

5

1 F.2d 1411, 1415 (9th Cir.1989).  From Petitioner's papers, it appears that Petitioner is seeking a
2 more favorable ruling from this Court than Petitioner received in state court.  The fact that Petitioner
3 appears to be avoiding an adverse ruling weighs in favor of abstention.

## CONCLUSION

In light of the time and resources already invested in the State Action, the advanced stage of the state court proceedings, the existence of a final judgment on at least one issue in the state court action, the Court finds that "exceptional circumstances" exist justifying abstention under *Colorado River*.  Seven of the eight *Colorado River* factors weigh in favor of abstention, and staying this outcome pending the resolution of the State Action serves the interests of ,"[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River, 424 U.S. at 817.*   A stay, rather than dismissal, is more appropriate in light of Petitioner's challenge to the state court's exercise of personal jurisdiction.

For the foregoing reasons, the Court **STAYS** the instant action pending a final judgment in the State Action on all of the issues before that court.

**IT IS SO ORDERED.**

Dated: February 13, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE