| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOWARD E. HINMAN, et al., )
)
　　　　Petitioner,　　　　)　　No. C05-3509 PJH (BZ)
)
　　v.　　　　　　　　　　　)
)　　**REPORT AND RECOMMENDATION**
FUJITSU COMPUTER SYSTEMS　)　　**AWARDING RESPONDENT**
CORP.,　　　　　　　　　　)　　**ATTORNEY'S FEES**
)
　　　　Respondent.　　　　)
_____)

　　　Respondent Fujitsu Computer Systems Corporation's Motion for Attorney's Fees and Costs was referred to me by the Honorable Phyllis J. Hamilton for a report and recommendation. Fujitsu prevailed on its motion to dismiss the petition to vacate the arbitration award and now requests attorney's fees pursuant to the Master Distribution and Services Agreement (Agreement) between the parties.

　　　The facts which underly this motion are set forth in Judge Hamilton's Order granting Fujitsu's Motion to Dismiss. The import of that ruling was to let stand an arbitrator's award entered pursuant to paragraph 9.4 of the Agreement. Paragraph 9.4 recites that the Agreement is governed by California Law and provides that in the event of arbitration

1

"[t]he substantially prevailing party shall be entitled to its attorneys' fees, witness fees, and other costs awarded by the arbitrator."[1]

Fujitsu requests fees of $133,018.01 and expenses of $14,499.89. Counsel declares that Fujitsu incurred these amounts in the defense of this action and has paid them.

The only opposition was filed by Howard Hinman, pro se. Mr. Hinman does not object to any of the specific fee requests but complains generally that the amount of fees that have been awarded in the arbitration and earlier state proceedings (over $500,000) and that are sought by this motion, are excessive and greatly exceed the value of the Agreement. Even accepting Mr. Hinman's characterization of the value of the Agreement, the fact remains that it was the petitioners who initiated this proceeding and required Fujitsu to defend itself.

Mr. Hinman also claims that many of the documents that Fujitsu filed were copies of documents previously filed in state court. It appears from a review of the fee request that the fees which Fujitsu is claiming were incurred in proceedings in this court, such as in Fujitsu's successful motion raising the Colorado River abstention doctrine and in moving successfully to seal certain documents over petitioners' opposition.

---

[1] Under California law, an agreement entitling a prevailing party to its fees and expenses in an arbitration proceeding also permits the recovery of fees and costs incurred in any related confirmation proceedings. See Ajida Techs., Inc. v. Roos Instruments, Inc., 87 Cal.App.4th 534, 552 (2001).

2

In computing attorney's fees pursuant to contract under California or federal law, courts follow the "lodestar" approach. <u>Signature Networks, Inc. V. Estefan</u>, 2005 WL 151928 (N.D. Cal. 2005); <u>PLCM Group v. Drexler</u>, 22 Cal.4th 1084, 1095 (2000). The loadstar is calculated by multiplying time spent by a reasonable hourly rate. Here, the vast majority of the time Fujitsu claims was spent by Andrew E. Monach and Richard S. Hung. Fujitsu claims a total of 338.2.5 hours at an average hourly rate of $393.25. As Mr. Hung explains in his declaration, the claimed hours and amounts have been substantially discounted. Based on Mr. Hung's declaration and my knowledge of local billing rates, I find the rates Fujitsu claims are reasonable for attorneys of the experience and background of Fujitsu's.

As for the hours claimed, petitioner does not specifically challenge any of them. While the time is substantial, it was petitioners who filed and litigated over three years an unnecessary parallel action. It is important to remember that Fujitsu has paid these fees. Having reviewed the time records, I did not find any entries that appear excessive or objectionable. In particular, there does not appear to have been much duplication of effort or administrative overlap between Mssrs. Monach and Hung. And Fujitsu has carefully apportioned the time it spent in the various proceedings between the parties and seeks only fees incurred in this proceeding. I therefore recommend that the entire amount of attorney's fees be awarded.

As for the $14,499.89 in claimed expenses, $12,373.08 represents computerized legal research, the recovery which is permissible. <u>Trustees of Const. Industry v. Redland Ins. Co.</u>, 460 F.3d 1253, 1258 (9th Cir. 2006). The other expenses include such matters as messenger and photocopying services and appear reasonable. I recommend that they be awarded as well.

Mr. Hinman also objects to the award of any fees and costs against Mr. Dent and zBatch on the grounds that it would be unjust since he filed this action. However, Mr. Dent and zBatch voluntarily joined the action on October 3, 2005 (Doc. 34) and are parties to the Agreement. I therefore recommend that Fujitsu be awarded $133,018.01 in attorney's fees and $14,499.89 in expenses against Howard E. Hinman, Glen K. Dent and zBatch LLC.[2]

Dated: September 16, 2008

　　　　　　　　　　　　　　　　　／s／ Bernard Zimmerman
　　　　　　　　　　　　　　　　　Bernard Zimmerman
　　　　　　　　　　　　　　　　　United States Magistrate Judge

G:\BZALL\-REFS\HINMAN V. FUJITSU COMPUTER\REPORT AND REC. RE ATTYS FEES AND COSTS.FINAL RULING.wpd

---

[2] On September 5, 2008, I issued this Report and Recommendation as a Tentative Ruling. No party has objected or requested a hearing. However, Fujitsu notified the court that on September 2, 2008, Mr. Hinman had filed a chapter 7 voluntary petition in the Bankruptcy Court for the Southern District of Indiana. It does not appear to me that Mr. Hinman's bankruptcy filing should impact this Report as to Mr. Dent and zBatch. Nor is it clear that filing this Report violates the stay as to Mr. Hinman, as he filed this proceeding. In an abundance of caution, I am serving this report and recommendation on Mr. Hinman and his bankruptcy counsel. If either of them believe that entry of a judgment based on this report and recommendation would violate the bankruptcy stay, he shall file a letter brief to that effect by September 29, 2008. No response need be filed, unless requested.

4